# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

NO. 5:11-CV-315-D

| | |
|---|---|
| WILLIAM-SALAAM-HALL, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND RECOMMENDATION** |
| GREENE RESOURCES, INC., *et al.*, | ) |
| Defendants. | ) |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. § 1915 which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915.

In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See* White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See*

Denton v. Hernandez, 504 U.S. 25, 33 (1992). Absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [his] favor." *Id*.

Plaintiff's Complaint is disjointed and difficult to follow. Therefore, the precise nature of Plaintiff's claim is difficult to discern. Indeed, the Complaint is essentially just a collection of out of context legal citations coupled with numerous vague factual assertions. Therefore, the undersigned finds that Plaintiff's claims lack an arguable basis in fact because his allegations are irrational and incredible. For this reason, Plaintiff's Complaint should be dismissed as frivolous.

In addition, Plaintiff's claims also lack an arguable basis in law. Although it is difficult to be certain given the vague and disjointed nature of his contentions, it appears Plaintiff is attempting to allege employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). However, there is no evidence that Plaintiff obtained a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing the instant action. See 42 U.S.C. § 2000e-5(f)(1). Title VII creates a federal cause of action for employment discrimination. Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 136 (4th Cir. 1995). Before a district court can assume jurisdiction over a Title VII claim, the claimant must have exhausted the administrative procedures contained in 42 U.S.C. § 2000e-5(b), which requires an investigation and determination by the EEOC as to whether "reasonable cause" exists to believe that the charge of discrimination is valid. *Id.* at 137. Action by the EEOC is a "predicate for litigation based on the federal statute," as a complaint cannot be brought before a district court until the EEOC has determined the validity of the claim. *Id*. at 137-38 (internal quotation marks, citation omitted). A "right-to-sue" letter issued by the EEOC is "essential to initiation of a private Title VII suit in federal court." *Id*. *See also*,

2

Case 5:11-cv-00315-D   Document 6   Filed 07/11/11   Page 2 of 3

Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (before bringing suit under Title VII, plaintiff must first exhaust administrative remedies by filing a charge with the EEOC). Plaintiff's failure to indicate whether EEOC has issued a right to sue letter in this matter provides an alternate basis for dismissing his claims as frivolous.

## Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, July 11, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE